DAVID J. KAMINSKI, ESQ., (SBN #128509)
KaminskiD@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
PREMIER RECOVERY, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott and Katrina Thomas, on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Premier Recovery, Inc.,<br><br>　　　　　Defendant. | CASE NO. 08-CV-00587-AWI-SMS<br><br>**AMENDED STIPULATION RE: CONTINUANCE OF CLASS ACTION CERTIFICATION AND RELATED DATES; ORDER**<br><br>**Honorable Sandra M. Snyder** |

**IT IS HEREBY STIPULATED** between Plaintiffs Scott Thomas and Katrina Thomas, through their respective counsel of record, and by Defendant Premier Recovery, Inc., ("PRI") through its respective counsel of record, as follows:

Plaintiffs have brought an action pursuant to *California Penal Code* §§ 631, 632 and 637.2 arising out of the alleged recording of telephone conversations without consent.   Plaintiffs also assert a pending state claim for damages for Invasion of Privacy under the California Constitution. Plaintiffs assert these claims not only on behalf of themselves but on behalf of a class of putative persons who are allegedly similarly situated.

/ / /

/ / /

1   *California Penal Code* §§ 631, 632 and 637 provides $5,000.00 for *each violation* under
2   the Penal Code for the recording of telephone calls without consent.  Based upon the number of
3   telephone calls allegedly made by Defendant PRI that Plaintiffs seek to include as part of the
4   universe of putative class members in this case, this case presents the potential for damages to PRI
5   in the hundreds of millions of dollars.  Due to the allegations and the impact of the Penal Code in
6   this case, Plaintiff's class action claims present *very serious* potential ramifications to defendant's
7   business.

8   The parties jointly seek to continue the current cut-off dates in this case for good cause as
9   follows:

10  1.   The parties to this action have been litigating this case and discovery has been
11  served in this action.  Defendant PRI has been working diligently in order to investigate and obtain
12  critical and relevant information with respect to the Plaintiffs' individual claims and the class
13  action claims at issue.  In order to respond to Plaintiffs' discovery and to investigate the claims,
14  Defendant's counsel has even traveled out of the State in order to facilitate the investigation.  In
15  this regard, Defendant still needs to obtain critical and relevant information, not only from pre-
16  existing records and records that have been archived from its various and numerous computer
17  systems, but also records and information from third party entities over whom Defendant has no
18  authority and control.  It has been extremely difficult to obtain archived information due to the fact
19  the information has been warehoused and due to the manner in which it has been archived and
20  warehoused. The obtaining of this information is critical to PRI's numerous defenses in this case
21  and to the discovery at issue.  PRI and its counsel continue to and are working diligently in this
22  regard.

23  2.   Due to the complexities in this case and due to the nature of the complex class
24  action issues in this case, the parties believe that the parties may be able to eventually resolve this
25  case through alternative dispute resolution.  In this regard, the parties seek to obtain a Professional
26  Mediator to assist in a formal Mediation of this case, with formal briefing.  The parties anticipate
27  that the discovery issues in this matter can be resolved and that a Mediation can take place
28  approximately April 2010.

Pursuant to the foregoing, and due to the complex nature of this putative class action and the complex issues in this case, the parties request that any scheduling order in this case be modified as follows:

1. Due date for class Certification Motion:  July 16, 2010;
2. Plaintiffs' Expert Disclosure deadline: July 9, 2010;
3. Defendant's Expert Disclosure deadline: August 20, 2010;
4. Plaintiffs' Rebuttal Expert Disclosure deadline: September 3, 2010;
5. Non-Expert Discovery deadline: August 6, 2010;
6. Discovery deadline (Expert):  September 30, 2010;
7. Non-Dispositive Motion Filing deadline:  July 23, 2010;
8. Dispositive Motion filing deadline:  October 29, 2010;
9. Private Mediation will be scheduled in this case by April 30, 2010
10. Pre-Trial Conference:  January 21, 2011 (was Jan. 29, 2010)  at 8:30 a.m., before Judge Ishii; and
11. Trial Date:  March 22, 2011 (was 3/22/2010) at 8:30 a.m., with Judge Ishii.

**IT IS SO STIPULATED** between the parties between the parties.

DATED: December 23, 2009         CARLSON & MESSER LLP

By: s/ David J. Kaminski

David J. Kaminski
Attorneys for Defendant, Premier Recovery, Inc.

DATED: December 23, 2009         HYDE & SWIGART

By   s/Joshua B. Swigart
Joshua B. Swigart, Esq.

3

1
2  DATED: December 23, 2009
3
                                        Attorneys for Plaintiffs,
                                        SCOTT AND KATRINA THOMAS
                                        LAW OFFICES OF DOUGLAS CAMPION

By: s/ Douglas Campion
    Douglas Campion
    Attorneys for Plaintiffs SCOTT AND KATRINA THOMAS

**ORDER**

The above stipulation shall be the Order of the Court.

**Dated:   December 24, 2009**                    /s/ Sandra M. Snyder
                                                                             **UNITED STATES MAGISTRATE JUDGE**